UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES W. BALLARD, JR., | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
|       v. | )    No. 3:07 CV 556 |
| | ) |
| WILLIAM WILSON, | ) |
| | ) |
|       Respondent. | ) |

## OPINION AND ORDER

James W. Ballard, Jr., a *pro se* prisoner, filed this habeas corpus petition raising only one ground to challenge his 60 day loss of earned credit time on July 12, 2002 by the Westville Disciplinary Hearing Board. Ballard states that his hearing was not held within seven working days of the date of the infraction. He states that this violates the Adult Disciplinary Policy at the prison.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require that such notice be provided not more than seven working days before the hearing. Furthermore, neither *Wolff* nor any other federal law mandates that a prison disciplinary hearing must be held within a week following the incident that gives rise to the hearing.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Therefore, having more than seven working days notice prior to the hearing, or being asked to wait more than seven days until the hearing following the incident, is not a basis for habeas relief.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4. For the foregoing reasons, this habeas corpus petition is **DENIED**.

**SO ORDERED.**

**ENTERED**: November 21, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT